■ In the Matter of Richard E. Stone, Petitioner, v City of New York et al., Respondents. [658 NYS2d 589] —Determinations of respondent New York City Taxi and Limousine Commission dated April 28, 1995, suspending petitioner's hack license for 10 days and fining him $500 upon findings that he refused to take a passenger to her destination and then harassed and threatened her, in violation of 35 RCNY 2-50 (b) and 2-60 (a), and May 11, 1995, fining petitioner $15 upon a finding that he failed to fill out his trip ticket, in violation of 35 RCNY 2-28 (a) (1), unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Stanley Sklar, J.], entered on or about January 5, 1997) dismissed, without costs.

There is no merit to petitioner's various due process claims. That Administrative Law Judges (ALJ) and investigators are employed by the same agency, without more, is insufficient as a matter of law to raise an inference of bias (*Matter of Children of Bedford v Petromelis*, 77 NY2d 713, 723-724, *vacated on other grounds* 502 US 1025). Petitioner's application for an adjournment of the first hearing was properly denied because made on the morning of the hearing instead of four days before, as required by the notice he received. The record belies petitioner's contention that the testimony of the passenger in the first proceeding was unsworn. Segregating drivers and complainants before the hearing is a reasonable safety measure that results in no prejudice. Nothing in the record supports petitioner's claim that the ALJ received his disciplinary

folder prior to the hearing. The fact that the ALJ was free to review the folder in determining the punishment to be imposed (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 240), would explain the presence of the folder at the hearing. There is no support in the record for petitioner's claims that he asked to see the complaint before the hearing, or that he was prejudiced because he did not.

Respondent's findings on the charges are supported by substantial evidence, including the credited testimony of the victimized passenger and of the inspector who reviewed the trip sheet in issue (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). The penalties imposed are well within the administrative guidelines, and are not " 'so disproportionate to the offense * * * as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ., supra*, at 233). We have considered petitioner's other arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin, Williams and Mazzarelli, JJ.